# United States Court of Appeals for the Fifth Circuit

---

No. 22-50885
CONSOLIDATED WITH
No. 22-50886
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELINO MENDOZA-NAJERA,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-251-1
USDC No. 4:22-CR-291-1

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Marcelino Mendoza-Najera appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(1), as well as the judgment revoking a term of supervised release he was serving for a prior offense. He has not briefed,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50885
c/w No. 22-50886

and has thus abandoned, any challenge to the revocation of supervised release or to his revocation sentence. *United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

In his sole issue on appeal, Mendoza-Najera argues that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he has raised this issue only to preserve it for further review and conceding correctly that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Mendoza-Najera's motion is GRANTED, and the district court's judgments are AFFIRMED.